IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARIE ANN FUGES | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SOUTHWEST FINANCIAL SERVICES, LTD. | : | NO. 2:09-cv-00699 |

O R D E R

AND NOW, this 12th day of February 2010, upon consideration of Defendant Southwest Financial Services, Ltd.'s Motion for Partial Dismissal of Plaintiff's Amended Complaint (Doc. No. 19) and Plaintiff Marie Ann Fuges's Response in Opposition thereto (Doc. No. 20), it is hereby ORDERED that Defendant's Motion is DENIED.

I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Marie Ann Fuges commenced this putative class action on February 18, 2009 alleging that Defendant Southwest Financial Services, Ltd. violated several provisions of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq.  In our Order granting in part Defendant's Motion to Dismiss Plaintiff's Complaint, we set forth the factual basis for Plaintiff's claims.  Plaintiff has since filed an Amended Complaint, but the factual basis for her claims remains the same, and we therefore will not repeat our discussion of Plaintiff's factual allegations. In her Amended Complaint, Plaintiff adds two new alleged violations of the FCRA.  Defendant

1

now seeks an order dismissing Plaintiff's claims to the extent they are based on the new alleged violations.[1]

II.     LEGAL STANDARD

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When evaluating a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), "the facts alleged [in the complaint] must be taken as true and a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). A court must draw all reasonable inferences in favor of the plaintiff. Id. However, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). "The assumption of truth does not apply . . . to legal conclusions couched as factual allegations or to '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 190 (3d Cir. 2009) (quoting Iqbal, 129 S. Ct. at 1949). "The plausibility standard 'asks for more than a sheer possibility that a defendant has acted unlawfully.'" Miles v. Twp. of Barnegat, 343 F. App'x 841, 844 (3d Cir. 2009) (quoting Iqbal, 129 S. Ct. at 1949). "A claim has facial plausibility when the

---

[1] Defendant also moves to dismiss Plaintiff's claim for willful violation of 15 U.S.C. § 1681e(b). Plaintiff did pursue this claim in her original Complaint, and we denied Defendant's request for dismissal. Defendant filed a motion for reconsideration, and we recently denied that motion. Because Defendant raises the same arguments here that it raised in its motion for reconsideration, we need not address the arguments again.

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Gelman, 583 F.3d at 190 (quoting Iqbal, 129 S. Ct. at 1949).

III.   DISCUSSION

    A.   Alleged Violations of 15 U.S.C. § 1681h(c)

Plaintiff sufficiently states a claim based on a violation of 15 U.S.C. § 1681h(c). § 1681h(c) mandates that any "consumer reporting agency shall provide trained personnel to explain to the consumer any information furnished to him pursuant to section 1681g of this title." 15 U.S.C. § 1681h(c). § 1681g, in turn, requires that consumer reporting agencies make certain disclosures to consumers—upon request and with exceptions—including all information in the consumer's file. 15 U.S.C. § 1681g(a). In this case, it is undisputed that Plaintiff obtained from PNC Bank a copy of the consumer report prepared by Defendant. It has not been disputed that the report falls within the type of information that must be disclosed upon request under § 1681g. See 15 U.S.C. §§ 1681g(a) & 1681j(b). Defendant argues that it had no duty to make trained personnel available to Plaintiff because Plaintiff obtained the report from PNC Bank, a third party, and that the report therefore was not "furnished to [Plaintiff] pursuant to section 1681g." In support of this construction of its statutory duties, Defendant cites Baker v. Capital One Bank, No. 04-1192, 2006 WL 2523440, at *9 (D. Ariz. Aug. 29, 2006). In the Baker decision, the evidence showed that the defendant made trained personnel available for 60 days after the consumer obtained a report. Id. The District Court for the District of Arizona granted summary judgment in favor of the defendant after deciding that, in the absence of any authority to the contrary, § 1681h(c) did not "require availability in perpetuity." Id. Here, to the contrary, we have not yet seen any evidence that shows

that Defendant made trained personnel available for any period of time. Moreover, the District Court in the Baker decision did not address from whom the plaintiff had obtained the report, as it does not appear that the parties raised that issue. In the absence of authority to the contrary, we decline to hold that under § 1681h(c) a consumer reporting agency has no duty to make trained personnel available to a consumer who obtained a consumer report from a third party.

B.  Alleged Violation of 15 U.S.C. § 1681e(c)

Plaintiff sufficiently states a claim based on a violation of 15 U.S.C. § 1681e(c), according to which a "consumer reporting agency may not prohibit a user of a consumer report furnished by the agency on a consumer from disclosing the contents of the report to the consumer . . . ." 15 U.S.C. § 1681e(c). Plaintiff alleges that Defendant did just that. According to Plaintiff, although she did eventually obtain a copy of the consumer report from PNC Bank, PNC Bank denied her initial request and only shared a copy of the report upon protest. (Am. Compl. ¶ 28.) Plaintiff alleges that PNC Bank denied her initial request because Defendant directs its banking customers not to share consumer reports with consumers. (Id. at ¶ 41.) Plaintiff cites to the following language which appears on her report: "This report is released with the understanding that the information reported is strictly confidential."[2] (Am. Compl. Ex. A.) Defendant characterizes Plaintiff's allegations as not "plausible" because PNC Bank did share the report with Plaintiff. (Def.'s Mem. Supp. Mot. Dismiss Am. Compl. 9-10.) In addition, Defendant argues that the language cited in its report has an obvious alternative explanation: "it reminds report users to

---

[2] Plaintiff also alleges that the report attached to her Amended Complaint contains language instructing "Defendant's banking customers . . . not to share them with or disclose them to any consumers." (Am. Compl. ¶ 41.) That language, however, does not appear in the report.

protect a consumer's information from third party disclosure." (Id. at 10.) However, accepting Plaintiff's factual allegations as true, we find it equally plausible that a representative of PNC Bank disregarded Defendant's instructions when it shared the consumer report with Plaintiff.

IV. CONCLUSION

For the reasons set forth above, it is hereby ORDERED that Defendant's Motion for Partial Dismissal of Plaintiff's Amended Complaint (Doc. No. 19) is DENIED.

BY THE COURT:

/S/LEGROME D. DAVIS

Legrome D. Davis, J.